UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELOY SALINAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00548-JPH-DLP |
| | ) | |
| RICHARD BROWN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Eloy Salinas is an inmate at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Salinas is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Salinas's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g., Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

1

## II. The Complaint

The complaint concerns Mr. Salinas's incarceration at WVCF and, previously, at Branchville Correctional Facility ("BCF"). He asserts claims for damages and injunctive relief against seven defendants identified as Robert Carter, Warden Kathy Alvey, Warden Richard Brown, Warden Vanihel, Matt Leorh, Jack Hendrix, and Charles Dugan.

The complaint indicates that Robert Carter is Commissioner of the Indiana Department of Correction, Ms. Alvey is Warden of BCF, and Mr. Brown is Warden of WVCF. The complaint identifies Mr. Leorh as a counselor but does not state where he works. Similarly, the complaint does not state where Warden Vanihel works. The complaint includes no information about where or in what capacities Defendants Hendrix and Dugan have interacted with Mr. Salinas. Mr. Salinas bases his claims on the following allegations.

In April 2019, Mr. Salinas was confined at BCF "in a dorm setting that was overpopulated and understaffed." Dkt. 1 at 3. Mr. Salinas alleges that, during that time, his classification was not reviewed consistent with IDOC policy. Due to overcrowding, inmates had limited space, limited opportunities for recreation, and limited access to work programs.

Around this time, Mr. Salinas was "forced . . . into a riot that broke out in the prison." *Id.* at 4. The complaint does not clearly describe Mr. Salinas's role in the riot, how he became involved, or whether he was injured. However, Mr. Salinas was punished for being involved in the riot, reclassified, and transferred to WVCF.

Since arriving at WVCF, Mr. Salinas has been housed in the SHU. Mr. Salinas alleges that conditions in the SHU are inhumane and oppressive. He is isolated in his cell, he is denied showers and recreation, and the lights remain on all day and all night. Additionally, his confinement to the SHU has not been meaningfully reviewed. Mr. Salinas alleges that staff members receive

inadequate training and that prison policies are either inadequate to protect inmates' rights or they are not being carried out properly by the prison staff.

### III. Discussion of Claims

All claims arising from Mr. Salinas's time at BCF are **dismissed** for **failure to state a claim** upon which relief may be granted. Although the allegations in the complaint implicate several constitutional rights, they do not support plausible claims.

Mr. Salinas alleges that his housing unit at BCF was overcrowded and understaffed. These allegations, alone, are insufficient to state a plausible Eighth Amendment claim. *See McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011). An Eighth Amendment claim based on overcrowding "must satisfy both the objective and subjective components of a deliberate-indifference claim." *Id.* The plaintiff must allege how overcrowding "produced conditions denying him 'basic human needs' or 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). Mr. Salinas's allegations that overcrowding limited his access to recreation and work programs do not meet this standard. He has not alleged facts supporting an inference that overcrowding limited his access to recreation to the extent that he was deprived of a basic need. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."). Additionally, the Constitution does not entitle Mr. Salinas to hold a job at BCF. *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.") (internal quotation omitted)).

Mr. Salinas alleges that his classification was not reviewed according to IDOC policy at BCF. However, Mr. Salinas had no right to any particular classification. *See, e.g.*, *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests.") (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). Additionally, Mr. Salinas does not allege that he was confined in isolation, segregation, or any other condition that would require prison officials to review Mr. Salinas's status as a matter of due process. *See, e.g.*, *Isby v. Brown*, 856 F.3d 508, 524–25 (7th Cir. 2017). And the allegation that the prison staff did not follow its own policies does not equate to an allegation that the prison staff denied Mr. Salinas due process. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (noting that prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates").

Mr. Salinas alleges that the staff at BCF failed to protect him and other prisoners from violence in the form of the riot that occurred there. However, Mr. Salinas does not allege that he was harmed as a result of the riot. A plaintiff must show that he has been injured to prevail on *any* constitutional claim. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("[E]ven in the field of constitutional torts . . . [a] tort to be actionable requires injury."); *see also Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014) ("[T]here is no tort without an actionable injury caused by the defendant's wrongful act.").

The complaint alleges facts supporting inferences that Mr. Salinas's rights were violated after his transfer to WVCF. At the pleading stage, at least, the complaint alleges facts supporting a plausible Eighth Amendment claim based on the conditions of Mr. Salinas's confinement and a plausible Fourteenth Amendment due process claim based on his prolonged, unreviewed confinement to the SHU.

4

Even so, Mr. Salinas has not stated a claim upon which relief may be granted because he has not identified the individuals responsible for either violation. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "Only someone personally responsible in a constitutional violation can be held liable under § 1983." *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). The complaint does not include any allegations stating who is responsible, or how, for the conditions in the SHU or for reviewing Mr. Salinas's confinement to the SHU.

Finally, Mr. Salinas's allegations of inadequate training and policies do not support a viable claim for relief. To the extent inadequate training and policies have caused him to suffer inhumane conditions in the SHU or to be deprived of due process, these allegations may support the Eighth and Fourteenth Amendment claims described above. However, Mr. Salinas's allegations of inadequate training and policies do not support standalone claims. Under § 1983, "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw*, 910 F.3d at 1029. And, in any event, failure-to-train claims may not proceed against these individual state defendants. This is because "failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001)).

## IV. Conclusion and Further Proceedings

For the reasons discussed in Part III, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Salinas shall have **through March 26, 2021**, to file an amended complaint that resolves the deficiencies discussed in this Entry. If Mr. Salinas chooses to file an amended complaint, it must include the case number associated with this action, no. 2:20-cv-00548-JPH-DLP. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations that Mr. Salinas wishes to pursue in this action.

Failure to comply with these orders in the time provided will result in the dismissal of this action without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 3/1/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ELOY SALINAS, JR.
257395
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only