UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ELOY SALINAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00548-JPH-MG |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Eloy Salinas, Jr. is incarcerated at Wabash Valley Correctional Facility (WVCF). He brings this civil rights action alleging that several WVCF staff members have been deliberately indifferent to his prolonged exposure to mold. Because Mr. Salinas is a prisoner, the Court must screen his amended complaint. 28 U.S.C. § 1915A(a).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Salinas's *pro se* pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Amended Complaint

Mr. Salinas has been confined in the Secure Housing Unit (SHU) at WVCF since at least August 2020. He alleges that, since that time, his cell and the ventilation system have been infested with black mold. As a result, he experiences headaches, sneezing, watery eyes, a sore throat, and chronic fatigue.

Mr. Salinas states that he filed a grievance regarding the mold on August 16, 2020. Three days later, Grievance Supervisor Wellington rejected the grievance as untimely, even though Mr. Salinas described the condition as ongoing. On August 20, Mr. Salinas submitted a second grievance, and Grievance Supervisor Wellington rejected it as late too.

Around that time, Mr. Salinas told Caseworker Charles Dugan that there was mold in his cell and that it was causing him headaches and other symptoms. Mr. Salinas also reported the mold to maintenance workers. They said they could not fix the problem but would relay his complaint to Safety Manager Jack Hendrix.

## III. Discussion of Claims

Mr. Salinas alleges Eighth Amendment claims for damages and injunctive relief against nine WVCF employees: (1) Grievance Supervisor Wellington, (2) Caseworker Dugan, (3) Safety Manager Hendrix, (4) Warden Richard Brown, (5) Assistant Warden Frank Littlejohn, (6) Unit Team Manager Jerry Snyder, (7) Lieutenant G. Small, (8) Grievance Specialist Shelby Decker, and (9) Sergeant Smith.

The action **will proceed** with Eighth Amendment claims for damages and injunctive relief against Defendants Wellington, Dugan, and Hendrix in their individual and official capacities. These claims will be based on Mr. Salinas's allegations that the defendants were deliberately indifferent to his exposure to mold.

Mold claims against the remaining defendants are **dismissed** for **failure to state a claim** upon which relief may be granted. "A prisoner challenging conditions of confinement . . . must prove that prison officials acted with deliberate indifference—that they knew of and disregarded [an] excessive risk of harm to the inmate." *Thomas v. Blackard*, 2 F. 4th 716, 719–20 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Williams v. Shah*, 927 F.3d 476, 480 (7th Cir. 2019)). Additionally, "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Mr. Salinas does not allege any facts supporting an inference that Defendants Brown, Littlejohn, Snyder, Small, Decker, or Smith knew he was exposed to mold. Construed liberally, the amended complaint alleges that Mr. Salinas personally notified Defendants Wellington and Dugan of the mold and that he relayed the matter up the chain to Defendant Hendrix through the maintenance staff. However, no allegations imply that the remaining defendants ever learned about the mold problem, so they could not have knowingly disregarded it.

As a final matter, Mr. Salinas states that he was "forced to have his outdoor recreation" in a cage with standing water and human and bird feces "on multiple occasions." Dkt. 19 at 8. However, Mr. Salinas does not state who subjected him to recreation in the filthy cages or who was responsible for their upkeep. Accordingly, the Court cannot infer that any defendant

3

knowingly exposed Mr. Salinas to an excessive risk of harm. Recreation claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Conclusion and Issuance of Process

The action **will proceed** with Eighth Amendment claims for damages and injunctive relief against Defendants Wellington, Dugan, and Hendrix as discussed in Part III. All other claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

The **clerk is directed** to **add** the following defendants to the docket: (1) Thomas Wellington, (2) Charles Dugan, and (3) Jack Hendrix. The **clerk is directed** to **terminate all other defendants**.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Wellington, Dugan, and Hendrix in the manner specified by Rule 4(d). Process will consist of the amended complaint (dkt. [19]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

The claims discussed in Part III are the only claims the Court identified in the amended complaint. If Mr. Salinas believes he asserted additional claims, he must notify the Court **no later than September 13, 2021**.

Mr. Salinas's motion requesting an order resolving the screening process, dkt. [20], is **granted** insofar as the Court has screened the complaint and issued process to the defendants. It is **denied** insofar as it requests any other relief.

**SO ORDERED.**

Date: 8/12/2021

                                              *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ELOY SALINAS, JR.
257395
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction employees at Wabash Valley Correctional Facilities:

    Thomas Wellington

    Charles Dugan

    Jack Hendrix